## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK WORTH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 16-3877** |
| | : | |
| **STEPHEN WORTH,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                    **December 22, 2016**

There is something curious in a party appealing our Order finding an arbitration clause in a Shareholders Agreement either does not apply or is waived, obtaining a stay of all proceedings towards trial pending his appeal and then, forty-eight hours later, filing an arbitration demand on the same Shareholders Agreement.   While not contemptuous, the party's conduct borders on "too cute".  We are not persuaded by his creative advocacy.   We cannot overlook the issue of whether the parties' disputes concerning the plaintiff's claims his brother harmed their family owned company and oppressed his shareholder rights must be resolved, by agreement, before our jury and not in arbitration.   Even if reasonable minds could disagree and seek appellate review, reasonable minds would have a herculean task to allow the same appealing party to turn around and file an arbitration demand based on the same fact issues now stayed, at his request, while he appeals to our Court of Appeals.[1]  We cannot find a valid basis to allow the post-appeal arbitration to proceed and our accompanying Order stays the post-appeal arbitration demand under the same Shareholders Agreement pending his appeal concerning the scope of arbitration now before the Court of Appeals.

## I.   Background

Mark Worth disputes a series of his brother Stephen's business decisions involving their family business, Worth and Company.[2]  In October 2015, Mark sued Stephen in Pennsylvania state court.[3]  After actively litigating there for nine months, Mark withdrew his state court case and started here against Stephen and several codefendants based on the same facts now dressed in federal statutory claims subject to review at summary judgment and trial.[4]  Mark's claims derive from a minority shareholder oppression claim against Stephen, who had allegedly frozen Mark out of the Company and ordered Mark to stay away from the Company and its employees.[5]  As a result, Mark claims he could not return to work.  Mark never claims he quit work but Stephen could certainly raise this defense when we proceed to trial.

Stephen and his codefendants moved to compel arbitration of this case under a Shareholders Agreement, although they did not raise arbitration in the nine months of litigating in state court.[6]  At oral argument, Mark conceded his claims were either entirely derivative or fell within a carve out to the arbitration clause excluding arbitration on matters relating to the Company's operation and management.  On November 29, 2016, we denied Stephen's motion to compel arbitration finding Mark's claims fell within the carve-out of the arbitration clause as they related to the operation or management of the Company.[7]  We also found even if Mark's individual statutory claim for minority shareholder oppression did not involve the Company's operation or management and thus may be subject to the arbitration clause, Stephen waived his right to arbitrate by litigating these same fact issues in state court for nine months without mentioning arbitration.[8]  After denying Stephen's motion to compel arbitration, we set the discovery schedule, required F.R.Evid. 408 exchanges, set summary judgment deadlines and attached counsel for trial beginning May 30, 2017.[9]

On the same day we issued our Order denying his Motion to compel arbitration and setting a discovery and trial schedule, Stephen filed a Notice of Appeal and moved to stay our trial schedule during the pendency of the appeal.[10] We granted Stephen's motion to stay recognizing our lack of jurisdiction in proceeding with discovery and towards the May 30, 2017 trial during the pendency of Stephen's appeal.[11]

Assured he had obtained the stay of our trial schedule in this Court, Stephen waited just two days to turn around and file a demand for arbitration of issues in the same Shareholders Agreement then on appeal.[12] Stephen seeks an arbitration order requiring Mark to sell his shares to Stephen under Sections 7 and 10 of the Shareholders Agreement because Mark no longer worked full time at the Company.[13]

## II.    Analysis

Mark now moves to stay Stephen's post-appeal arbitration demand, arguing Stephen's arbitration claim is a backdoor attempt to circumvent our Order denying Stephen's motion to compel arbitration and Stephen's oppressive conduct caused any change in his employment status.[14] Stephen counters his post-appeal arbitration under the same Shareholders Agreement based on Mark's non-employment status provoking a buyout is separate and distinct from the stayed trial issues. Stephen also argues his claim can be arbitrated pending appeal even if it shares factual issues with Mark's claims against him. While we do not find Stephen's conduct is contemptuous, we will stay his end run of our November 29, 2016 Order which he is now appealing.

### A.    We have jurisdiction to decide this motion.

We retain jurisdiction to decide this motion seeking to preserve the *status quo* after Stephen's appeal. Filing a notice of appeal generally divests district courts of jurisdiction over

the case.[15]  Our Court of Appeals has adopted the majority rule of automatic divestiture after an interlocutory appeal is taken under Section 16(a) of the Federal Arbitration Act.[16]  But there are exceptions to this general rule for matters "collateral to the appeal on the merits."[17]  District courts retain jurisdiction over such matters such as injunctions, sanctions, and attorney's fees.[18]  Orders to stay litigation also fall within these exceptions.[19]  Courts have considered motions to stay arbitration in similar circumstances.[20]  This makes sense – a decision on a motion to stay has no bearing on the merits of the parties' substantive arguments.  Instead, it involves the court using its sound discretion to best manage the litigation and the parties' needs.  Such a decision is collateral to the issue on appeal, which is whether Mark's claims fall within the scope of the Shareholders Agreement's arbitration clause or whether Stephen waived his claim to seek arbitration by litigating for nine months in state court without mentioning arbitration.  We entertain jurisdiction to decide this motion.

### B.     We stay Stephen's demand for arbitration pending appeal.

Motions to stay arbitration proceedings are governed by Fed. R. Civ. P. 62(c).[21]  We consider whether:  (1) the stay applicant has made a strong showing he is likely to succeed on the merits; (2) the applicant will be irreparably injured absent a stay; (3) issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) an injunction will affect the public interest.[22]

The factors favor our stay of Stephen's post-appeal arbitration demand seeking to arbitrate the value of Mark's ownership interest based on a finding he resigned employment.  Mark argues he did not resign and Stephen's operations and management of the Company oppressed him and locked him out of work.  These are the issues before us in the matter now on appeal.  We held Mark's arguments must be resolved before us.

4

Mark made a strong showing he is likely to succeed on the merits.  We found his claims are not arbitrable and must proceed into discovery.  We found Stephen waived his right to arbitrate Mark's minority shareholder oppression claim as it relates to the Company's operations and management.  Stephen's present arbitration demand presumes Mark left his employment and an arbitrator must value his shares.   Stephen's presumption creates his problem.    To get to an arbitrator valuing Stephen's shares, our jury must first determine whether Mark's absence from work arises from the facts supporting his claims of minority oppression.   We cannot allow an arbitrator to short-cut the trial process when the parties did not agree to arbitrate operation and management issues or otherwise waived an ability to arbitrate.  Even assuming the entire dispute is eventually arbitrated, Stephen's present demand cannot be resolved until after Mark's claims.   Stephen's ability to bring his claim in arbitration is necessarily dependent on the coming decision from Our Court of Appeals.  The first factor therefore weighs in favor of staying arbitration.

To analyze the next two factors, it is useful to look at both Stephen's claim in his arbitration demand and Mark's minority shareholder oppression claim.  Stephen states Mark is no longer a full time employee at Worth and Company and therefore must sell his company shares to Stephen under Section 10 of the Shareholders Agreement.  Mark argues Stephen froze him out of the Company and did not allow him to work there — this averment forms the basis of his minority shareholder oppression claim against Stephen.  Mark also requests appointment of a custodian as relief in his oppression claim evidencing Mark's claim Stephen is working to force him out of the Company, a fear now substantiated by Stephen's post-appeal arbitration demand.  Absent a stay, Mark faces the possibility of having to defend against Stephen's claims in arbitration and losing his ownership in the Company while his affirmative claims are on

5

appeal filed by Stephen.   Of course, parallel proceedings do not themselves constitute irreparable injury in the context of arbitration.[23]

But there is more to this tactic.  The question of whether Stephen waived the right to arbitrate his claim for a forced stock sale may be answered on appeal of our November 29, 2016 Order.  A ruling on waiver from our Court of Appeals may moot Stephen's demand for arbitration. Participation in an arbitration proceeding which may be rendered moot is an irreparable injury that federal courts have recognized when considering motions to stay arbitration.[24] The second factor therefore favors a stay.   As to the third factor, a stay does not injure Stephen in any way.  If he is successful on appeal, some or all of Mark's claims will be arbitrable with his current claim.  And an unsuccessful appeal does not affect his ability to bring his claim within this federal litigation, as Stephen has not answered the Complaint. On the fourth factor, the public interest does not favor nor disfavor a stay in this fraternal dispute except Federal Rule of Civil Procedure 1 requires the parties and their lawyers get to work on resolving the case and avoid the gamesmanship pervading their strategies to date.

As demonstrated, maintaining the *status quo* is the proper course of action.   Stephen exercised his right to appeal our denial of his motion to compel arbitration.  Before he arbitrates a separate claim against his brother — a claim sharing many similar facts and legal arguments with Mark's minority shareholder oppression claim and one which Stephen failed to assert in the state court action — our Court of Appeals should be afforded the opportunity requested by Stephen.

### III.    Conclusion

Mark and Stephen Worth must resolve their fraternal dispute.  Stephen has chosen to appeal our threshold decision on whether Mark's claims are arbitrable and we await our Court of Appeals'

ruling. In the meantime, our accompanying Order stays arbitration proceedings on Stephen's post-appeal arbitration demand based on the same conduct arising under the same Shareholders Agreement.

---

[1] Mark also moves for an order to show cause as to why Stephen and his counsel should not be held in contempt and sanctioned. Given some time to dispel temper, Mark did not press this request in his reply. We decline such an extraordinary request. There is no basis for contempt. As we requested in our November 29, 2016 Memorandum, the brothers are better served by lawyers and judges working towards resolution and not throwing *ad hominems*. As fair notice, we may consider sanctions for continued *ad hominem* distractions.

[2] We described the factual background in our November 29, 2016 Memorandum. *See Worth v. Worth,* No. 16-3877, 2016 WL 7007721 (E.D. Pa. Nov. 29, 2016).

[3] ECF Doc. No. 22-8.

[4] *See Worth*, 2016 WL 700721, at *2.

[5] Compl. at ¶ 42.

[6] ECF Doc. No. 20.

[7] ECF Doc. Nos. 44 and 45.

[8] *See Worth*, 2016 WL 700721, at *6.

[9] ECF Doc. No. 46.

[10] ECF Doc. No. 48.

[11] ECF Doc. No. 49.

[12] ECF Doc. No. 57-1

[13] *Id.* at 2-3.

[14] ECF Doc. No. 57.

[15] *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Mary Ann Pensiero, Inc. v. Jingle*, 847 F.2d 90, 97–98 (3d Cir. 1988).

[16] *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 (3d Cir. 2007).

[17] *Pensiero*, 847 F.2d at 98.

[18] *Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985).

[19] *See Sheet Metal Workers' Intern. Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999) (finding a District Court's order staying case pending appeal valid).

[20] *See Mazera v. Varsity Ford Servs., LLC*, No. 07-12970, 2008 WL 2223907, at *1 (E.D. Mich. May 29, 2008) (staying arbitration while appeals from a district court order were pending in the Court of Appeals); *Mendez v. Skymax Dominica, S.A.*, No. 11-7548, 2011 WL 6413608, at *1 (S.D.N.Y. Dec. 13, 2011) (denying motion to stay arbitration pending appeal).

[21] *C.B.S. Employees Federal Credit Union v. Donaldson,* 716 F.Supp. 307 (W.D. Tenn. 1989); *Peck Ormsby Const. Co. v. City of Rigby*, No.10-545, 2012 WL 914915, at *2–3 (D. Idaho Mar. 15, 2012).

[22] *Peck Ormsby*, 2012 WL 914915; *see also Nken v. Holder,* 556 U.S. 418, 129 S.Ct. 1749, 1760, 173 L.Ed.2d 550 (2009).

[23] *See, e.g.*, *Graphic Communications Union, Chicago Paper Handlers' & Electrotypers' Local No. 2 v. Chicago Tribune Co.*, 779 F.2d 13, 15 (7th Cir.1985) ("[t]he fact that an order to arbitrate imposes a cost, the cost of the arbitration, whether it is an opportunity cost of time or an out-of-pocket expense for lawyers or witness fees or whatever, or both types of costs, does not show irreparable harm. Otherwise every order to arbitrate would be deemed to create irreparable harm."); *Tejidos de Coamo, Inc. v. Int'l Ladies' Garment Workers' Union*, 22 F.3d 8, 14 (1st Cir.1994); *Woodlawn Cemetery v. Local 365, Cemetery Workers and Greens Attendants Union*, 930 F.2d 154, 157 (2d Cir.1991); *Camping Constr. Co. v. Dist. Council of Iron Workers*, 915 F.2d 1333, 1349 (9th Cir.1990) ("The district court's principal error lies in its assumption that unnecessarily undergoing arbitration proceedings constitutes irreparable injury. That is simply not the case.").

[24] *See Mazera*, 2008 WL 2223907, at *1-2 (E.D. Mich. May 29, 2008) (finding "the outcome of the arbitration proceeding may be mooted depending upon the decision on appeal," and thus a stay of arbitration proceedings was appropriate pending appeal); *Farr & Co v. the Punta Alice,* 144 F. Supp. 839, 841 (S.D.N.Y. 1956) ("refus[ing] to grant the stay requested would compel the respondent to enter into a proceeding which conceivably could make the appeal moot, this court believes that the relief sought by the respondent in aid of its appeal should be granted in order to preserve the status quo of the parties"); *see also PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 515 (3d Cir. 1990) ("we think it obvious that the harm to a party would be *per se* irreparable if a court were to abdicate its responsibility to determine the scope of an arbitrator's jurisdiction and, instead, were to compel the party, who has not agreed to do so, to submit to an

8

arbitrator's own determination of his authority") *overruled on other grounds by Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79 (2002).